## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 4:19 CR 0998 JAR/JMB |
| ) | |
| LAKISHA S. SMITH, ) | |
| ) | |
| Defendant. ) | |

### MOTION TO DISMISS INDICTMENT FOR PRE-INDICTMENT DELAY

**COMES NOW** Defendant Lakisha S. Smith, by and through counsel, Susan McGraugh, and respectfully files this motion to dismiss Counts I through VI of the Indictment, due to unreasonable pre-indictment delay and the resulting violation of the Due Process Clause of the Fifth Amendment of the U.S. Constitution.

### BACKGROUND

On or about March 16, 2016, the government initiated an investigation into Ms. Smith for allegedly preparing false U.S. Individual Income Tax Returns. These events are alleged to have taken place between January 9, 2015 through February 11, 2016. It was on March 16, 2016 that Internal Revenue Services ("IRS") Special Agent Stacy Decker met with reporting witness Dasha Brew about Ms. Smith's alleged involvement with filing false tax reports. After speaking with Ms. Brew, Special Agent Decker applied for a search warrant on or about April 27, 2016 which was executed on April 28, 2016. After the execution of the warrant, Special Agent Decker, along with other individuals working in or alongside the IRS, conducted witness interviews and collected further evidence from May, 2016 to December, 2017.

It is evident after reviewing discovery provided by the U.S. Attorney that no further investigation was done on this case after December of 2017. Neither Special Agent Decker nor others working with or alongside her continued the investigation. It was not until *twenty-four* (24) months later on December 5, 2019 that the government sought and secured an Indictment against Ms. Smith. From the conclusion of the alleged offense(s) in February 2016 to the Indictment in December 2019, *forty-six* (46) months had elapsed.

## ARGUMENT

The Due Process Clause of the Fifth Amendment protects criminal defendants against unreasonable pre-indictment delay. *United States v. Bartlett,* 794 F.2d 1285, 1289 (8th Cir. 1986). "While 'statutes of limitations provide the primary guarantee against prosecution of a defendant on overly stale charges,' the due process clause of the Fifth Amendment does have a limited role to protecting against oppressive delay." *United States v. Brockman,* 183 F.3d 891, 895 (8th Cir. 1999).

"Pre-indictment delay will be sufficiently 'oppressive' to warrant dismissal of an indictment where the delay was unreasonable and substantially prejudicial to the defendant in the presentation of [her] case." *Bartlett,* at 1289. In other words, the defendant carries the burden to show "(1) the delay resulted in actual and substantial prejudice to the presentation of [her] defense; and (2) the government intentionally delayed [her] indictment either to gain tactical advantage or to harass [her]." *United States v. Sturdy,* 207 F.3d 448, 452 (8th Cir. 2000). Proof of actual prejudice resulting from the delay is "generally a necessary but not sufficient condition to establish a Due Process violation." *United States v. Lovasco,* 431 U.S. 783, 790 (1977). "Proof of actual prejudice ensures that the Due Process claim is 'concrete and ripe for adjudication.'"

*Bartlett,* 794 F.2d at 1289 (quoting *United States v. Lovasco,* 431 U.S. 783, 789 (1977)). "Where actual prejudice is established, the court must balance the reasons for the delay against the resulting prejudice." *Id.*

"To prove actual prejudice, a defendant must specifically identify witnesses or documents lost during delay properly attributable to the government." *Id.* "It is not sufficient for a defendant to make speculative or conclusory claims of possible prejudice as a result of the passage of time." *Brockman,* 183 F.3d at 895. "Nor may a defendant establish actual prejudice without relating the substance of the testimony which would be offered by the missing witnesses or the information contained in the lost documents in sufficient detail to permit a court to assess accurately whether the information is material to the accused's defense." *Bartlett,* 794 F.2d at 1290. "Finally, it is defendant's burden to show that the lost testimony or information is not available through another source." *Id.* "In sum, the defendant must demonstrate that the prejudice actually impaired [her] ability to meaningfully present a defense." *Id.*

<u>ACTUAL AND SUBSTANTIAL PREJUDICE</u>

The actual and substantial prejudice Ms. Smith has suffered is apparent in the forty-six (46) months that have passed. As time goes on, memories fade and are significantly harder to recall accurately and reliability. The government conducted over ten (10) witness interviews in 2017 alone, and by the time Ms. Smith was indicted in December 2019, twenty-four (24) months had passed. This significant passage of time seriously hinders Ms. Smith's ability to conduct her investigation and speak to these witnesses whose memories have been degraded by the delay. Specifically, the memory of initiating witness Dasha Brew is seriously called into question. The investigation began after Special Agent Decker spoke with Ms. Dasha Brew in March 2016. The

credibility of her statements and her ability to recall facts and circumstances that occurred more than four (4) years ago is minimal at best. Therefore, it is reasonable to assume that she will have to refer to prior notes rather than on her own independent recollection. This severely hurts Ms. Smith's ability to effectively cross-examine Ms. Brew. Moreover, Ms. Smith's ability to create a full and complete picture for the factfinder, on the events that took place, is seriously weakened as the pre-indictment delay inhibits access to clear memories of key witnesses. Overall, long pre-indictment delay results in the overall loss of evidence, and leads to witnesses refusing to testify. *Manning v. Bowersox,* 310 F.3d 571, 578 (8th Cir. 2002). Because Ms. Smith has met the burden of showing actual prejudice, the Court inquires further into the reason(s) for delay.

<u>BALANCE OF THE REASONS FOR DELAY AGAINST PREJUDICE SHOWN</u>

In balancing the reasons for the delay in this case against the prejudice to the defendant, this Court should consider the fact that the last investigation, interview, etc. date contained in discovery, before the Indictment on December 5, 2019, was in or about December 2017. This is an eleven-and-a-half-month delay in which the government blatantly chose not to bring charges against Ms. Smith. If the government would have brought charges earlier, Ms. Smith could have otherwise defended against these charges promptly and near-in-time to the alleged event(s).

The Supreme Court has recognized "that prosecutors do not deviate from 'fundamental concepts of justice' when they defer seeking indictments until they have probable cause and have no duty to file charges as soon as probable cause exists but before they are satisfied they will be able to establish the suspect's guilty beyond a reasonable doubt." *United States v. Lovasco,* 431 U.S. 783 at 790-791. However, when the government has obtained an ample amount of information but choses to not prosecute, it is reasonable to assume this delay was, in fact, a way

to gain a tactical advantage over Ms. Smith. Moreover, there is no evidence to indicate that the government continued its investigation beyond December 2017. *See United States v. Lovasco,* 431 U.S. 783, 795-796 (1977) ("to prosecute a defendant following investigative delay does not deprive him of due process, even if his defense might be somewhat prejudice by the lapse of time"). Therefore, Ms. Smith has met her burden or showing actual and substantial prejudice and the government's delay was unreasonable and as such the Court should dismiss the Indictment.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the Indictment against Ms. Smith.

RESPECTFULLY SUBMITTED,

/s/ Susan McGraugh
Susan McGraugh
Attorney for Defendant
MO Bar No. 37430
Saint Louis University Law Clinic
100 N. Tucker Blvd.
St. Louis, MO 63101
(314) 977-2778
susan.mcgraugh@slu.edu

### Certificate of Service

I certify that on November 5, 2020, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Jennifer Roy, Assistant United States Attorney.

/s/ Susan McGraugh
Susan McGraugh, #37430