UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  4:19 CR 998 JAR (JMB) |
| | ) | |
| LAKISHA SMITH, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Currently before the Court is Defendant Lakisha Smith's Motion to Dismiss Indictment

for Pre-Indictment Delay.  (ECF No. 35; hereinafter "Motion to Dismiss")  The government

opposes Smith's Motion to Dismiss.  (ECF No. 41)  Pretrial motions were referred to the

undersigned United States Magistrate Judge.  See 28 U.S.C. § 636(b).

**PROCEDURAL BACKGROUND**

On December 5, 2019, the Grand Jury charged Smith with six counts of aiding and

abetting the preparation of false federal tax claims, in violation of 26 U.S.C. § 7206(2).  The

Indictment alleges that, between 2013 and 2016, "Smith, acting as an unregistered return

preparer, caused to be prepared and submitted electronically to the Internal Revenue Service

(IRS) a series of false Federal income tax returns claiming refunds in excess of $130,000.00."

(ECF No. 1 at ¶ 1)

Smith was arrested and had her initial appearance in this matter on December 11, 2019.

At Defendant's arraignment on December 19, 2019, the Court set a schedule for filing pretrial

motions.  That schedule was extended several times upon Smith's request and in consideration of

the ongoing Coronavirus pandemic.  On November 5, 2020, Smith filed the instant Motion to Dismiss.  On November 19, 2020, the government filed its response in opposition.

Having considered the issues raised in Smith's Motion to Dismiss and the government's response thereto, the undersigned concludes that the pending motion may be fully resolved on the basis of the existing record and no evidentiary hearing or additional testimony is necessary.

## FINDINGS OF FACT

The parties agree that the Internal Revenue Service ("IRS") initiated its investigation in March 2016, when an IRS Special Agent met with a reporting witness referred to as D.B. According to the government, in May 2018, the United States Department of Justice Tax Division authorized the United States Attorney's Office for the Eastern District of Missouri to initiate criminal charges.  As noted above, the Grand Jury returned the Indictment in December 2019.  Smith represents that, based on the discovery provided, the investigation in this matter was complete as of December 2017 and, therefore, the government delayed the prosecution of this matter by approximately twenty-four months.  Additional findings of fact are included in the discussion below.

## DISCUSSION, CONCLUSIONS OF LAW, AND RECOMMENDATION

Smith argues that the Indictment must be dismissed, pursuant to Due Process Clause of the Fifth Amendment, due to the twenty-four-month delay from the time the investigation was complete until the Indictment issued.  Smith argues that the government intentionally delayed charges in this matter to gain a tactical advantage in the litigation and that she has been prejudiced by the delay.   The government counters that Smith was charged within the applicable statute of limitations for the offense and that Smith has failed to show any prejudice.

"Two provisions of the United States Constitution guard criminal defendants against

unreasonable pre-trial delay," namely the Sixth Amendment right to a speedy trial, and "the due process clause of the Fifth Amendment."  United States v. Jackson, 446 F.3d 847, 849 (8th Cir. 2006) (citations omitted) (reversing a district court's order dismissing an indictment for unreasonable delay).  Smith's Motion to Dismiss rests on due process concerns.

Prior to indictment or arrest, due process concerns "play a limited role in protecting against oppressive delay," the applicable "statutes of limitations provide the primary guarantee." Id. (citing United States v. Brockman, 183 F.3d 891, 895 (8th Cir. 1999)).  "The Supreme Court has recognized that 'the interests of the suspect and society are better served if, absent bad faith or extreme prejudice to the defendant, the prosecutor is allowed sufficient time to weigh and sift evidence to ensure that an indictment is well founded.' …  As a result, a defendant must overcome a high hurdle when contending that a pre-indictment delay that does not violate the statute of limitations is violated of the due process clause."  Id. (quoting United States v. Eight thousand Eight Hundred and Fifty Dollars ($8,850), 461 U.S. 555, 563 (1983)).

It is a defendant's burden of showing unconstitutional pre-indictment delay.  See id.  To meet this burden, the defendant must satisfy a two-part test.  In particular, "[t]he defendant must establish that:  (1) the delay resulted in actual and substantial prejudice to the presentation of [her] defense; and (2) the government intentionally delayed [her] indictment either to gain a tactical advantage or to harass [her]."  Id. (citations and footnote omitted).

For assessing the pending motion, the undersigned will accept the following facts,[1] as alleged by Smith:  (1) the crimes alleged in the Indictment occurred between January 2015 and February 2016; (2) IRS Special Agent Stacy Decker met with reporting witness D.B. in March 2016; (3) federal authorities executed a search warrant in April 2016; (4) investigators conducted

---

[1] The government does not contest the timing of events relied upon by Smith.  Thus, for the limited purpose of resolving Smith's Motion to Dismiss, the undersigned accepts the facts regarding timing.

further investigation between May 2016 and December 2017; (5) the Grand Jury returned the Indictment in December 6, 2019; and (6) Defendant was arrested on December 11, 2019.  On these facts, Smith notes that approximately 46 months passed from the date that the IRS initiated an investigation to the date of the Indictment, and 24 months passed from the date that the IRS reportedly completed its investigation to the date of the Indictment.[2]

Regarding prejudice, Smith argues that "[t]his significant passage of time seriously hinders [her] ability to conduct her investigation and speak to … witnesses whose memories have degraded by delay."  (ECF No. 35 at 3)  Smith proffers that "the memory of [the initiating witness] is seriously called into question."  (Id.)  She further argues that "it is reasonable to assume that [the initiating witness] will have to refer to prior notes rather than her own independent recollection."  (Id. at 4)  Regarding improper government conduct, Smith argues that the government "blatantly chose not to bring charges against" her in a timely manner, and "it is reasonable to assume this delay was, in fact, a way to gain a tactical advantage over" her."  (Id. at 4-5)

The Court should reject Smith's arguments because she has not met her burden.  Most significantly, Smith has not alleged any actual and substantial prejudice.  "To satisfy [her] burden, [she] must identify specific witnesses or documents lost during the delay and the information they would have provided," and "that the missing testimony or information is not available through other sources."  Jackson, 446 F.3d at 851 (citing United States v. McDougal, 133 F.3d 1110, 1113 (8th Cir. 1998); United States v. Bartlett, 794 F.2d 1285, 1290 (8th Cir. 1986)).  Smith does not offer any examples of any evidence or testimony favorable to her that has been lost due to any delay.  Rather, she argues only that there is a potential for prejudice—

---

[2] The government's response indicates that the Department of Justice did not authorize a prosecution until May 2018.

her issue concerning fading witness memories rests entirely on speculation and assumptions, not facts. And she does not identify what favorable information these witnesses might supply. See id. at 852 (explaining that the prejudice inquiry component of a Fifth Amendment preindictment delay challenge is "limited … to the effects of the delay on the defendant's ability to present an effective defense").

The Eighth Circuit has previously found that speculative and conclusory claims such as those offered by Smith are insufficient to show actual and substantial prejudice. See Jackson, 446 F.3d at 852; see also United States v. Hance, 501 F.3d 900, 906 (8th Cir. 2007); United States v. Gladney, 474 F.3d 1027, 1032 (8th Cir. 2007).[3] The undersigned finds, therefore, that Smith has not met her burden of showing that the delay in bringing charges in this case resulted in any actual and substantial prejudice to her defense.

Because Smith has not offered any facts demonstrating actual and substantial prejudice, the Court need not consider the question of whether the government intentionally delayed bringing charges for an improper purpose. See United States v. Sturdy, 207 F.3d 448, 452 (8th Cir. 2000) (citing United States v. Savage, 863 F.2d 595, 598 (8th Cir. 1988)). Yet even if Smith has shown substantial prejudice, she has not demonstrated any improper governmental purpose regarding the delay. Rather, Smith asks the Court to assume that the government delayed the Indictment to gain a tactical advantage. Again, Smith relies solely on assumptions and speculation in this regard—not facts.[4]

---

[3] Contrary to Smith's argument, there is nothing unusual or unacceptable about a witness refreshing her/his recollection using notes or other documents. In fact, it is acceptable to refresh a witness's memory with notes or another writing even during a trial. See Fed. R. Evid. 612.

[4] Smith does not explain how any delay in this case works to the government's advantage or her disadvantage. The government has the burden of proof. If the complaining witness's memory has diminished, as Smith speculates, how would that circumstance favor the government?

## RECOMMENDATION

Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendant Lakisha Smith's Motion to Dismiss for Pre-Indictment Delay [ECF No. 35] be DENIED.

The parties are advised that they have fourteen (14) days in which to file written objections to the foregoing Report and Recommendation unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact.  See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).  see also 28 U.S.C. § 636(b)(1)(A), Fed. R. Crim. P. 59(a).

This matter is set for trial on February 22, 2021, at 9:00 a.m., before the Honorable John A. Ross, United States District Judge.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this  3rd   day of December, 2020.